**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

RAKAN SEMREEN,

                  *Plaintiff*,

-against-

MITCHELL RESTAURANT DELI, INC.;
MOKTHAR M ISSAH and MICHAEL ISSAH,

                  *Defendants*.

Action No.

FLSA COLLECTIVE ACTION and RULE 23 CLASS ACTION COMPLAINT

Jury Trial Demanded

Plaintiff Rakan Semreen ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his attorney, Mohammed Gangat, Esq., files this Complaint against defendants Mitchell Restaurant Deli, Inc., Mokthar M. Issah, and Michael Issah.

## NATURE OF THE ACTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et. seq. ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid minimum wage and overtime compensation, (2) liquidated damages on those amounts, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL", he are entitled to recover from the Defendants: (1) unpaid minimum wage and overtime compensation; (2) unpaid "spread of hours: premium for each day they worked in excess of ten (10) hours; (3) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and

1337 and 1343 and has supplemental jurisdiction over Plaintiff' state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because at least one of the defendants resides in the district and the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Kings County, New York.

6. Defendants Mokthar M Issa and Michael Issa (each, a "Individual Defendant") are the co- owners, shareholders, directors, supervisors, managing agents, and proprietors, the Corporate Defendant, who actively participate in the day-to-day operations of each the Corporate Defendant and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and the Regulations thereunder, and are jointly and severally liable with the "Corporate Defendants" listed below.

7. Defendant Mitchell Restaurant Deli, Inc. ("Corporate Defendant") is a domestic corporation organized under the laws of the State of New York, with a principal place of business at 259 Flatbush Avenue, Brooklyn, NY.

8. The Defendants own and operate a restaurant under the trade name Piquant Restaurant.

9. The restaurant serves Latin cuisine, is a 300 seat restaurant, open six days per week, Tuesday through Sunday.

10. The Individual Defendants exercise control over the terms and conditions of their employees' employment, in that they have and have had the power to: (i) hire and fire

employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

11. The Individual Defendants are present on the premises of the Corporate Defendants on a consistent basis, and actively supervise the work of the employees, including Plaintiff, and mandate that all issues concerning the employees' employment - including hours worked and pay received - be authorized and approved by them.

12. Upon information and belief, at all times relevant to the allegations in this Complaint, the Corporate Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that each (i) has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and had an annual gross volume of sales of not less than $500,000.

13. Defendants hired plaintiff Rakan Semreen in Kings County, New York to work as a non-exempt employee for Defendants' restaurant, Piquant, in June 2016.

14. The employment ended in April 2020.

15. Plaintiff Rakan Semreen worked continuously throughout the employment period.

16. At the beginning of the employment, Plaintiff worked two shifts of about 5-8 hours each, during which Plaintiff was assigned to train under another server. Plaintiff was not paid any compensation for these two shifts.

17. Thereafter and continuing until the end of the employment, Mr. Semreen generally worked six days per week, Tuesday through Sunday, working shifts in excess of 10 hours per day and doing a total of more than 40 hours each week. Plaintiff was paid a base wage

of $50 per week during this time, plus tips.  On weekdays, Plaintiff would collect on average $70 per day in tips before splitting with other employees, leaving him with approximately $45 per weekday.  On weekends, Plaintiff would collect on average $150 per day in tips before splitting with other employees leaving him with approximately $97.  Defendants would take a percentage of Plaintiff's tips he received through credit card payments despite the fact that Defendants were not involved in any aspect of customer service.

18. The work performed by Plaintiff was directly essential to the businesses operated by Defendants.

19. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned wages for each hour of employment in direct contravention of the FLSA and New York Labor Law's minimum wage requirements.

20. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

21. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

22. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

23. During the course of Plaintiff' employment by Defendants, he worked over forty (40) hours per week in a workweek and was denied overtime premium.

24. At all relevant times, upon information and belief, and during the course of Plaintiff' employment, the Defendants failed to maintain accurate and sufficient time and pay records.

25. Defendants did not furnish Plaintiff with an accurate statement with every

payment of wages, listing gross wages, deductions and net wages as required by New York Labor Law § 195.

26. Upon information and belief, Defendants also failed to keep full and accurate records of Plaintiff's hours and wages in violation of the New York Labor Law §§ 195, 661.

27. Defendants never provided Plaintiff a written notice that they intended to take any tip credit as required by the New York Department of Labor Hospitality Industry Wage Order.

28. Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights to receive the minimum wage and overtime pay at a rate of one and one-half times their regular rate as required under the New York Labor Law.

29. Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner a copy of New York Labor Law § 193 regarding the prohibition on illegal deductions from wages.

30. Defendants unlawfully retained a share of the tips collected by Plaintiff by requiring him to turn over to ownership a percentage of tips collected from tables he served.

**COLLECTIVE ACTION ALLEGATIONS**

31. Plaintiff brings this action individually and as class representatives on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants in the three years preceding the filing of this complaint, (the "Collective Action Period"), and who were compensated: at rates less than the applicable minimum wage for straight time hours and at rates less than one-half times the applicable minimum wage for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

32. Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

33. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff have no interests that are contrary to or in conflict with those members of this collective action.

34. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

35. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There

will be no difficulty in the management of this action as a collective action.

36. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

    b. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Collective Action Members;

    c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d. Whether the Defendants failed to pay the Plaintiff and the Collective Action Members in accordance with minimum wage and overtime law requirements;

    e. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

    f. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

37. Plaintiff know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

38. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

- 8 -

39.     Plaintiff sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

40.     Plaintiff bring their New York Labor Law claims on behalf of all persons who were employed by Defendants at any in the six year period preceding the filing of this Complaint (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and were compensated: at rates less than the applicable minimum wage for straight time hours; at rates less than one-half times the applicable minimum wage for all hours worked in excess of forty (40) hours per workweek; and without the required "spread of hours" premium, all in violation of the New York Labor Law (the "Class").

41.     Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

42.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

43.     The Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

44. Plaintiff has committed themselves to pursuing this action and have retained counsel experienced in employment law and class action litigation.

45. Plaintiff will fairly and adequately protect the interests of the NY Class members. Plaintiff understand that, as class representative, he assumes a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that he must consider the interests of the Class and Collective Action Members just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class or Collective Action Members.

46. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members. Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and he understands that he may be called upon to testify in depositions and at trial.

47. Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff claims are typical of the Class.

48. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a. Whether the Defendants employed Plaintiff sand the Class members within the meaning of the New York Labor Law;

   b. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class members;

   c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.  Whether the Defendants failed to pay the Plaintiff and the Class members the applicable minimum wage for all straight time hours worked and the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

e.  Whether the Defendants failed to pay the Plaintiff and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

f.  Whether the Defendants' violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

g.  Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

**FIRST CAUSE OF ACTION**

Fair Labor Standards Act
Minimum Wages (Brought on behalf of Plaintiffs and the FLSA Collective)

49.  Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50.  At all times relevant, Plaintiff and the FLSA Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 et seq., and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 et seq.

51.  Defendants have not been eligible to avail themselves of the federal tipped

minimum wage rate under the FLSA, 29 U.S.C. §§ 201 et seq., because Defendants required Plaintiffs and the FLSA Collective to distribute a portion of their tips to workers who do not "customarily and regularly" receive tips and Defendants failed to provide required notices and maintain required records concerning their intention to take a tip credit.

52. Defendants unlawfully required Plaintiffs to share tips with employees not entitled to tips under the FLSA and/or the NYLL, including, but not limited to, managers and sushi chefs.

53. In this regard, owners and managers are tip-ineligible employees because their primary duties do not include directly servicing customers.

54. The FLSA Collective was paid at the tipped minimum wage rate rather than the full hourly minimum wage rate as required by 29 U.S.C. §§ 201 et seq.

55. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

**SECOND CAUSE OF ACTION**

Fair Labor Standards Act
Overtime Wages (Brought on behalf of Plaintiffs and the FLSA Collective)

56. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

57. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the FLSA Collective.

58. Defendants failed to pay Plaintiffs and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times the full minimum wage rate – for all hours worked beyond 40 per workweek.

*59.* As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

### THIRD CAUSE OF ACTION

New York Labor Law
Minimum Wages (Brought on behalf of Plaintiffs and the Rule 23 Class)

60. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

61. At all times relevant, Plaintiffs and the Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiffs and the Rule 23 Class within the meaning of the NYLL §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

62. Defendants have failed to pay Plaintiffs and the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

63. Pursuant to the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, Defendants have been required to pay Plaintiffs and the Rule 23 Class the full minimum wage at a rate of (a) $7.25 per hour for all hours worked from August 5, 2013 through December 30, 2013; (b) $8.00 per hour for all hours in 2014; (c) $8.75

per hour for all hours worked from December 31, 2014 through December 30, 2015; and (d) $9.00 per hour for all hours worked from December 31, 2015 through December 30, 2016; (e) $11.00 per hour for all hours worked from December 31, 2016 through December 31, 2017; (f) $13.00 per hour for all hours worked from December 31, 2017 through December 31, 2018; and (g) $15.00 per hour for all hours worked from December 31, 2018 through the present date.

64. Defendants have failed to notify Plaintiff and the Rule 23 Class of the tip credit in writing as required by the NYLL and the supporting New York State Department of Labor Regulations.

65. Due to Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
New York Labor Law
<u>Overtime Wages (Brought on behalf of Plaintiffs and the Rule 23 Class)</u>

66. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

67. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiffs and the Rule 23 Class.

68. Defendants failed to pay Plaintiffs and the Rule 23 Class the premium overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times the full minimum wage rate – for all hours worked beyond 40 per workweek.

69. Due to Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class are

entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**

New York Labor Law
Tip Misappropriation (Brought on behalf of Plaintiffs and the Rule 23 Class)

70. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

71. Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiffs and the Rule 23 Class in violation of NYLL, Article 6, § 196-d, and 12 NYCRR 146-2.14.

72. Defendants unlawfully required Plaintiff and the Rule 23 Class to share the gratuities they received with employees other than tipped employees, in violation of NYLL Article 6, § 196-d and 12 NYCRR 146-2.14.

73. Due to Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants the value of the misappropriated gratuities, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**SIXTH CAUSE OF ACTION**

New York Labor Law
Failure to Provide Proper Annual Wage Notices
(Brought on behalf of Plaintiffs and the Rule 23 Class)

74. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

75. Defendants have failed to furnish Plaintiffs and the Rule 23 Class with proper

annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

76.     Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiffs and the Rule 23 Class are entitled to statutory penalties of fifty dollars each workday that Defendants failed to provide Plaintiff and the Rule 23 Class with annual wage notices, or a total of five thousand dollars each, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198(1-b).

**SEVENTH CAUSE OF ACTION**

New York Labor Law
Failure to Provide Accurate Wage Statements
(Brought on behalf of Plaintiffs and the Rule 23 Class)

77.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

78.     Defendants failed to supply Plaintiffs and the Rule 23 Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by

the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

79. Due to Defendants' violations of NYLL, Article 6, § 195(3), Plaintiff and the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars each, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198 (1-d).

## EIGHT CAUSE OF ACTION

(Tips Theft)

80. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

81. Defendants retained for themselves tips that by law should have been turned over to plaintiff.

82. The reason the tips belonged to the plaintiff and not the defendants is that the tips were left by customers intending to leave a gratuity to the service staff and the defendants under the NYLL and the Hospitality Wage Order to no qualify as service staff.

83. Plaintiff seeks as damages, a monetary award of all tips taken by defendants wrongfully, together with liquidated damages, pre and post judgment interest, and attorneys fees and expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated

persons, respectfully request that this Court grant the following relief:

  A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all Servers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at the Restaurant. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

  B. Unpaid minimum wages, unpaid overtime compensation and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

  C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

  D. Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

  E. Unpaid minimum wages, unpaid overtime compensation, misappropriated tips, call-in pay and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

  F. Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the Rule 23 Class with proper annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

  G. Statutory penalties of two hundred fifty dollars for each workday that

  H. Defendants failed to provide Plaintiff and the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

    I.      payment of lost compensation, statutory damages in the amount of $20,000, and payment of reasonable attorneys' fees incurred in prosecuting the action;

    J.      Prejudgment and post-judgment interest;

    K.     Reasonable attorneys' fees and costs of the action; and

    L.      Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       June 21, 2021              **LAW OFFICE OF MOHAMMED GANGAT**

                                         By:  _____
                                                  Mohammed Gangat, Esq.
                                                  675 3rd Avenue, Suite 1810
                                                  New York, NY 10017
                                                  (718) 669-0714
                                                  mgangat@gangatllc.com

                                                *Attorneys for Plaintiffs and the Proposed FLSA Collective and Rule 23 Class*